Joseph **GORSKA**, Plaintiff-Appellant,

v.

**PENNSYLVANIA RAILROAD COMPANY**, Defendant-Appellee.

No. 79, Docket 24651.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1958.

Decided Jan. 5, 1959.

Jacob Rassner, New York City (Thomas F. Frawley and Irwin Asofsky, New York City, on the brief), for plaintiff-appellant.

Herbert J. Kaplow, New York City (Conboy, Hewitt, O'Brien & Boardman, New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

LUMBARD, Circuit Judge.

The appellant, a seaman employed on defendant's tug, "Atlantic City," appeals from defendant's judgment entered after trial before Judge Thomas F. Murphy without a jury on appellant's suit under the Jones Act, 46 U.S.C.A. § 688 for injuries allegedly sustained on the evening of February 16, 1955 as a result of defendant's negligent handling of the Atlantic City while shifting barges at a Jersey City slip. The railroad does not challenge the ruling in favor of Gorska on his claim for maintenance and cure on a finding by the court that his injury, a massive herniation of an intervertebral disc, was sustained in the course of his throwing a mooring rope to the shore from the barge on which he was stationed while it was being shifted by the Atlantic City.

The sole issue is whether Judge Murphy's finding on oral and documentary evidence that the negligence, if any, of defendant in towing the barge alongside the tug through icy waters was not a cause in fact of the appellant's injury is clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.; McAllister v. United States, 1954, 348 U. S. 19, 75 S.Ct. 6, 99 L.Ed. 20; United States v. U. S. Gypsum Co., 1948, 333 U. S. 364, 68 S.Ct. 525, 92 L.Ed. 746. We find that it is not, and we affirm the judgment below.

Plaintiff, the only witness to the alleged accident, claimed that as he was about to throw the mooring rope the barge violently collided with a block of ice in the slip, causing him to twist his back so as to produce the admitted injuries. The district court did find that ice was prevalent in the slip at the time. However, other employees of defendant who were present on the tug at the time of the alleged collision testified to no recollection of an impact. Their testimony is not without probative force, although since they were not on the barge such a collision might have occurred without transmitting the shock to the tug and thus escape their notice. Furthermore, although plaintiff claimed that he had told several persons of the alleged cause of the accident shortly after the injury, those who were called denied that he had done so, and neither plaintiff's doctor, who treated him subsequent to the injury, nor the doctor's records were produced. Finally, although the record of the plaintiff's subsequent admission to the Public Health Service Hospital, nine days after the injury and after private treatment, did disclose that he then claimed that the injury occurred while he was in the course of throwing the rope, it recited no claim of an accompanying impact.

Competent medical evidence sufficiently established that the plaintiff's injury could have been sustained without the occurrence of the alleged impact. Judge MURPHY'S discounting of Gorska's version of the cause of his injury is well supported by the record.

Judgment affirmed.